UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-3953 FMO (MRWx)** | Date | **June 10, 2014** |
|---|---|---|---|
| Title | **Michael McCartney v. Time, Inc.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**   **(In Chambers) Order to Show Cause Re: Dismissal of Cause of Action for Forum Non Conveniens**

On May 22, 2014, Michael McCartney ("plaintiff" or "McCartney") filed a Complaint in this court against Time, Inc. ("Time"), alleging copyright infringement under 17 U.S.C. §§ 101 et seq. (See Complaint at ¶¶ 1 & 17-21). McCartney resides in England, and he is a citizen of the United Kingdom. (See id. at ¶ 3). Plaintiff contends that Time is a Delaware corporation with its principal place of business outside of California. (See id. at ¶ 4). McCartney contends that he owns the copyright to a photograph called "John, Paul, George and Denis." (See id. at ¶¶ 10-14). McCartney asserts that Time infringed his copyright by publishing without his permission said photograph in a special edition of Life. (See id. at ¶¶ 16-17).

In addition to asserting a cause of action under United States copyright law, McCartney asserts a claim for foreign copyright infringement. (See Complaint at ¶¶ 22-32). Plaintiff contends that supplemental jurisdiction is proper under 28 U.S.C. § 1367. (See id. at ¶ 23). Some courts have recognized the propriety of exercising subject matter jurisdiction over foreign copyright causes of action. See, e.g., Creative Tech., Ltd., v. Aztech Sys. PTE, Ltd., 61 F.3d 696, 702 (9th Cir. 1995) ("This Court has recognized the potential of American courts to entertain actions under the copyright laws of other nations."); X17, Inc. v. Hollywood.TV, Inc., 2008 WL 4527865, *4 (C.D. Cal. 2008). However, the court is not required to exercise jurisdiction over foreign copyright claims. See X17, Inc., 2008 WL 4527865, at *5 ("While these opinions indicate that the exercise of subject matter jurisdiction over foreign copyright claims is not necessarily erroneous, they do not indicate that a court is required to exercise such jurisdiction."). For instance, the court has the discretion to dismiss the foreign copyright claim based on the doctrine of forum non conveniens. See Creative Tech., 61 F.3d at 699. The court considers the adequacy of an alternative forum, and whether the balance of the relevant private and public interest factors favors dismissal. See id. "While there is normally a strong presumption in favor of honoring the plaintiff's choice of forum, a foreign plaintiff's choice is afforded less deference." Id. at 703. The private interest factors include the "(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-3953 FMO (MRWx)** | Date | **June 10, 2014** |
|---|---|---|---|
| Title | **Michael McCartney v. Time, Inc.** | | |

of the case expeditious and inexpensive." Id. The public interest factors include the "(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action[;] (5) the avoidance of unnecessary problems in conflicts of law." Id. at 703-04; see also Atl. Marine Constr. Co. v. United States Dist. Ct., 134 S.Ct. 568, 581 n. 6 (2013) (enumerating public and private interest factors).

In addition, because plaintiff's stated basis for jurisdiction over his foreign copyright cause of action is premised on supplemental jurisdiction under 28 U.S.C. § 1367, the court has discretion to decline such jurisdiction if it finds that one of the exceptions set forth in 28 U.S.C. § 1367(c) is applicable, e.g., "the claim raises a novel or complex issue of State law," "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. Plaintiff has not identified the countries where the foreign copyright infringement allegedly occurred, or the relevant bodies of foreign law. (See, generally, Complaint). Accordingly, it is unclear whether the foreign copyright claim presents "novel or complex" issues of foreign law, or whether the foreign law claim "substantially predominates" the federal copyright claim. Alternatively, the "exceptional circumstances" prong may be applicable. See, e.g., Voda v. Cordis Corp., 476 F.3d 887, 897-905 (Fed. Cir. 2007) (holding that considerations of comity, judicial economy, convenience, fairness, and other exceptional circumstances constituted compelling reasons to decline supplemental jurisdiction over foreign patent infringement claims, and district court abused its discretion by exercising jurisdiction).

Based on the foregoing, IT IS ORDERED that:

1. No later than **June 17, 2014**, plaintiff shall show cause in writing why the foreign copyright claim should not be dismissed for the reasons noted above. Among other things, plaintiff shall identify the countries where he believes the foreign copyright infringement occurred and the authorities (i.e., statutes and case law) with the applicable foreign copyright law on which he relies. In addition, plaintiff shall analyze the forum non conveniens issues, including the adequacy of an alternative forum, and the public and private interest factors. Plaintiff shall also explain whether any of the exceptions set forth in 28 U.S.C. § 1367(c) applies, including whether the foreign copyright claim presents "novel or complex" foreign law issues, whether the foreign copyright infringement claim "substantially predominates" the United States copyright claim, and whether the "exceptional circumstances" prong warrants dismissal. Failure to file the response by the deadline set forth above shall be deemed as consent to the dismissal of the foreign copyright dismissal claim without prejudice.

2. No later than **June 24, 2014**, defendant shall respond in writing regarding the forum non conveniens and supplemental jurisdiction issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-3953 FMO (MRWx)** | Date | **June 10, 2014** |
|---|---|---|---|
| Title | **Michael McCartney v. Time, Inc.** | | |

   3. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**.  All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5.  Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |